# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Ralph Anthony Hicks, ) | |
| ) | Civil Action No.: 5:17-cv-02446-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on January 8, 2019 (ECF No. 25). The Report addresses Plaintiff Ralph Anthony Hick's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 25 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 25 at 1–13.) As background, on May 14, 2015, Plaintiff filed an application for DIB and SSI under the Social Security Act, which was denied initially and upon reconsideration. (*Id.* at 1–2.) After an administrative hearing on November 17, 2016, an Administrative Law Judge ("ALJ") issued an unfavorable decision against Plaintiff on April 5, 2017. (ECF No. 10-2 at 8.) The ALJ determined that Plaintiff "d[id] not have an impairment or combination of impairments that me[t] or medically equal[ed] the severity of one of the listed impairments in . . . 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR [§§] 404.1520(d), 404.1525,

1

404.1526, 416.920(d), 416.925 and 416.926)." (*Id.* at 14.) Additionally, the ALJ found Plaintiff had the RFC

> to perform a range of medium work . . . in that he can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently; stand and/or walk for about six hours in a workday; and sit for about six hours in a workday. He can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but only occasionally climb ladders, ropes, and scaffolds. he must avoid concentrated exposure to dust, fumes, gases, odors, and other respiratory irritants. With respect to his mental impairments, he remains able to maintain concentration, persistence, and pace to perform simple, routine, and repetitive tasks for two-hour blocks of time without special supervision. He can perform no required interaction with the general public or close, "team-type" interaction with co-workers. he is limited to a low stress work environment, with no frequent work changes or rigid production quotas.

(*Id.* at 14.) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that "there [we]re jobs that exist[ed] in significant numbers in the national economy that [Plaintiff] [could have] performed." (*Id.* at 22.) On this basis, the ALJ denied DIB and SSI to Plaintiff because he was not disabled under the Social Security Act "from April 17, 2015, through the date of this decision." (*Id.* at 23.) Plaintiff requested review of the ALJ's decision by the Appeals Council ("the Council"), which the Council denied on July 15, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision).

Plaintiff filed the instant action on September 13, 2017, seeking judicial review of the Commissioner's final decision. (ECF No. 1.) Plaintiff argued "the ALJ's RFC assessment was not based on substantial evidence." (ECF No. 18 at 11.) Specifically, Plaintiff asserts that although "the ALJ found that [Plaintiff] did, indeed, suffer moderate limitations in every area of mental

2

functioning ([ECF No. 10-2 at 14–15]). . . . after his Listing analysis, the ALJ did very little to discuss [Plaintiff]'s specific limitations." (*Id.*) Plaintiff maintains that "[t]he issue of whether [he] could perform even the limited RFC laid out by the ALJ on a regular basis was central to his claim" and required the ALJ to "perform a more detailed assessment of the paragraph B factors" under SSR 96-8p.[1] (*Id.*) Also, although Plaintiff "is mindful of the limited value of [Global Assessment of Functioning ("GAF")][2] scores," he asserts that "[i]nsofar as the ALJ found that the GAF scores in this case were unsupported, or that they failed to bolster [Plaintiff's] complaints and the opinion evidence of record, this conclusion is not supported by substantial evidence." (*Id.* at 13 n.1, 13–14.) Also, Plaintiff challenges the ALJ's finding that "the mental health notes show 'good results,'" arguing such a finding is "belied by the severity of [Plaintiff's] persistent symptoms, the frequency with which he required treatment, his prescribed medications, and the GAF findings of those who treated him." (*Id.* at 15.) Additionally, Plaintiff asserts the ALJ did not "explain the weight he gave to those facts," making "effective review . . . impossible." (*Id.*) Lastly, while acknowledging that the "determination of the [South Carolina Department of Vocational Rehabilitation ("the SCDVR")] that [Plaintiff] was not eligible for services due to his 'psychiatric disability'" was "not a medical opinion," Plaintiff argues the ALJ "erred in refusing to give any weight" to the determination, and "[t]he ALJ's pretext for disregarding this evidence (that he did

---

[1] "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8P.

[2] "After the [fifth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of mental Disorders ("DSM-V")] was published, the Social Security Administration issued a directive to its ALJs in July 2013, instructing them to still consider GAF scores as medical opinion evidence but emphasizing that GAF scores should not be considered in isolation." *Sizemore v. Berryhill*, 878 F.3d 72, 82 (4th Cir. 2017).

not know the criteria used, nor the qualifications of the individual) is not convincing." (*Id.* at 16 (quoting ECF No. 10-2 at 21).)

On July 9, 2018, the Commissioner filed a Brief. (ECF No. 20.) The Commissioner argues "substantial evidence supports the ALJ's RFC assessment," noting that the ALJ "incorporated numerous limitations for the moderate limitations identified at step three," "explicitly recognized that the mental RFC 'require[d] a more detailed assessment,'" "directly addressed Plaintiff's ability to maintain concentration, persistence, and pace," and was "consistent with medical evidence discussed by the ALJ." (*Id.* at 10 (quoting ECF No. 10-2 at 15).) The Commissioner believes Plaintiff's arguments amount to a request that the court reweigh the evidence. (*Id.* at 12.) As to Dr. Billinsky and the letter from the SCDVR, the Commissioner asserts the ALJ was not bound by their assessments, and, as to Dr. Billinsky, the ALJ "acknowledged that Dr. Billinsky was a treating source, and articulated appropriate reasons for affording his statements less weight." (*Id.* at 13, 15–16 (citing ECF No. 10-2 at 20).)

The Magistrate Judge entered her report on January 8, 2019. (ECF No. 25.) In addressing whether the ALJ "was required to perform a more detailed assessment of the paragraph B criteria at step three in the RFC, pursuant to SSR 96-8p," the Magistrate Judge began by engaging in a detailed review of the "record evidence of Plaintiff's mental condition." (*Id.* at 14, 15–24.) The Magistrate Judge then determined that "the ALJ specifically considered the paragraph B criteria," "supported [his RFC] assessment with a detailed and comprehensive discussion of the record evidence," and "provided an extensive narrative discussion of both the medical and nonmedical evidence and . . . explained the ALJ's resolution of inconsistencies or ambiguities in the evidence." (*Id.* at 25, 26.) Additionally, the Magistrate Judge found that "upon review of the record as a whole . . . Plaintiff has not demonstrated that the ALJ's RFC analysis is unsupported by substantial

4

evidence" and "although Plaintiff generally objects to the RFC assessment, he has not identified any limitations he believes the ALJ should have included or considered." (*Id.* at 26.) The Magistrate Judge rejected Plaintiff's argument that "the ALJ failed to consider whether Plaintiff could perform the RFC on a regular basis" because "this court and others in this circuit have repeatedly found such arguments without merit." (*Id.* (citing *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)).) Finally, the Magistrate Judge observed that "Plaintiff appears to recognize the limitations of his own argument regarding the weight granted to Plaintiff's GAF scores," and found the ALJ "considered the[] [GAF scores] in the context of contemporaneous observations from Plaintiff's therapist and a psychiatrist describing better function than the GAF scores would indicate." (*Id.* at 27.) Thus, the Magistrate Judge concluded "the ALJ considered the GAF scores, but granted them little weight." (*Id.*) Further, the Magistrate Judge found "Plaintiff's arguments essentially ask the court to again analyze facts and reweigh the evidence presented," in contravention of "the substantial evidence standard of review that this court is bound to apply at this stage of the proceedings." (*Id.*)

As to the weight assigned by the ALJ to two "prescription pad" notes of Plaintiff's treating psychiatrist Dr. Billinsky, "indicating Plaintiff was unable to work," the Magistrate Judge found "the ALJ properly concluded [the] notes could 'never be entitled to controlling weight'" because "statements that a plaintiff is 'disabled' or 'unable to work' concern administrative findings reserved exclusively for the Commissioner and are not medical opinions." (*Id.* at 28 (quoting ECF No. 10-2 at 20 (citing 20 C.F.R. §§ 404.1527(d), 416.927(d))).) The Magistrate Judge concluded that "substantial evidence supports the ALJ's conclusions that Dr. Billinsky's notes were not entitled to controlling or substantial weight." (*Id.* at 29.) The Magistrate Judge made similar

5

findings as to the "[The SCDVR]'s letter[3] referencing Plaintiff's 'psychiatric disability,'" concluding that "even if the ALJ were to consider this as a medical determination it would not be entitled to controlling weight because . . . a finding of disability is a decision reserved to the Commissioner." (*Id.*) Therefore, the Magistrate Judge recommends affirming the Commissioner's decision. (*Id.* at 30.)

The parties were apprised of their right to file objections by January 22, 2019, a deadline that the court extended to February 5, 2019, on Plaintiff's Motion. (*Id.* at 31; ECF No. 28.) Plaintiff filed an Objection to the Magistrate Judge's Report on January 26, 2019. (ECF No. 30.) Plaintiff objects that the Magistrate Judge "reweighed the facts and essentially rewr[ote] the ALJ's decision for him." (*Id.* at 1.) As to Plaintiff's mental impairments, he notes that the Magistrate Judge's review of his mental health treatment extended for ten pages, while the ALJ's only covered two pages. (*Id.* at 1–2.) Plaintiff argues this is so because "[t]he ALJ focus[ed] exclusively upon the parts of [Plaintiff's] records which do not support disability." (*Id.* at 2.) Plaintiff maintains that "[i]f the ALJ had conducted as thorough an evaluation as the Magistrate [Judge] has done, the outcome would certainly be far different." (*Id.*) However, Plaintiff asserts "this court cannot make the decision for the ALJ," but must only ensure "the ALJ considered *all of the relevant evidence*." (*Id.*) Plaintiff then proceeds to compare the Magistrate Judge's review of evidence to that of the ALJ's. (*Id.* at 2–4.) For example, Plaintiff states that

> On June 17, 2016, the Magistrate notes that Mr. Hicks was restless; had persecutory delusions and homicidal ideation without plan; depressed and irritable mood; labile affect; and mild impairment of recent memory, remote memory, attention, and concentration. His primary diagnosis was changed to schizoaffective disorder, bipolar type, secondary diagnosis PTSD. [(ECF No. 25 at 22; ECF No. 10-9 at 36.])

---

[3] "In a letter dated June 27, 2016, a counselor from [the SCDVR] informed Plaintiff he was 'unable to complete the assessment of [Plaintiff's] eligibility because of a psychiatric disability too severe to be addressed by [the SCDVR].' [(ECF No. 10-6 at 78.)] As a result, the SCDVR closed Plaintiff's case. *Id.*" (ECF No. 25 at 23.)

6

> The ALJ notes merely that the diagnosis was changed, and the notes from his therapy appointment. ([ECF No. 10-2 at 19.])

(*Id.* at 3.) Plaintiff also charges the Magistrate Judge with providing "*post hoc* rationalizations" for the ALJ's conclusions. (*Id.* at 4.) For example, Plaintiff argues "[t]he Magistrate Judge's conclusion that the ALJ's RFC somehow contained an implied finding that [Plaintiff] could perform at that level on a regular basis, does not address the Plaintiff's arguments. The citations in the [Report] refer to physical impairments, not mental impairments." (*Id.* at 5.) As to the Magistrate Judge's finding about Dr. Billinsky's opinion, Plaintiff asserts Dr. Billinsky's opinion was "nothing if not a 'medical opinion'" and "the description of this opinion as 'not supported by the record' . . . simply does not accurately reflect that record." (*Id.* at 6.) Lastly, as to the opinion from the SCDVR, Plaintiff asserts the opinion was "certainly consistent with [Plaintiff's] mental health treatment record, the opinion of his treating psychiatrist, and his testimony" and was "entitled to full consideration, not wholesale dismissal." (*Id.* at 7.)

The Commissioner filed a Reply to Plaintiff's Objection on February 11, 2019. (ECF No. 33.) First, in response to Plaintiff's characterization of the Magistrate Judge's "line by line review" (ECF No. 30 at 1) of Plaintiff's mental health treatment records as a post hoc rationalization, the Commissioner points out that in Plaintiff's initial Brief he challenged the ALJ's assessment of the paragraph B criteria, not his discussion of the medical record. (*Id.* at 2–3 (citing ECF No. 18 at 11–14).) Thus, the Commissioner argues this objection should be waived. (*Id.* at 3.) As to Plaintiff's objection regarding the opinion evidence, the Commissioner argues Plaintiff's arguments "have already been fully presented and considered." (*Id.* at 6.) Lastly, on the whole, the Commissioner opines that "Plaintiff asks this [c]ourt to re-weigh the evidence, but such a request is impermissible under the substantial evidence standard of review." (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and that recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a de novo review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a Magistrate Judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a Magistrate Judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004))). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning."); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah,* No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 18), Plaintiff's Objection (ECF No. 30), and the Report (ECF No. 25). Plaintiff's Objection restates arguments that he raised in his Brief and are already addressed by the Report. (*Compare* ECF No. 18 at 11–17, *with* ECF No. 30.) (*See also* ECF No. 25 at 25–31.) As such, a de novo review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). Moreover, not only does Plaintiff's objection restate arguments already raised and addressed, it also invites the court to reweigh the evidence and adopt Plaintiff's view of the evidence, which is not within the province of this court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). For example, Plaintiff argues "[t]he Magistrate's description of the ALJ performing a 'careful and thorough discussion of the evidence and specific support for the RFC assessment," is simply incongruent with the actual ALJ decision." (ECF No. 30 at 5.) Further, as to Dr. Billinsky's opinion, Plaintiff points to no error by the Magistrate Judge but instead asserts Dr. Billinsky's opinion "is nothing if not a 'medical opinion'" and that "the description of this opinion as 'not supported by the record' . . . does not accurately reflect that record." (*Id.* at 6.) How Dr. Billinsky's opinion is supported by the record, Plaintiff does not describe. (*See id.*) Thus, as the Magistrate Judge found, "Plaintiff has not demonstrated that the ALJ's [decision] is unsupported by substantial evidence," and the court declines to reweigh the evidence. (ECF No. 25 at 26.) Instead, the court finds that the Report effectively addressed all of the issues raised in Plaintiff's Objection (ECF No. 30). Accordingly, the court overrules Plaintiff's objections and accepts the Magistrate Judge's Report recommending the Commissioner's decision be affirmed. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL

1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result").

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 30) and the Magistrate Judge's Report (ECF No. 25), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 29, 2019
Columbia, South Carolina